UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

NANCY AKBARI-SHAHMIRZADI,

Case No. 7-11-15351 TL

Debtor.

ESTATE OF ELEANOR JACOBY,
CHARLOTTE NEFF, Executor,

Plaintiff,

v.                                                                              Adversary No. 12-1021 T

NANCY AKBARI-SHAHMIRZADI,

Defendant.

## MEMORANDUM OPINION

This matter came is before the Court on Defendant's Motion to Reconsider Order Granting Partial Summary Judgment as to Liability (the "Motion to Reconsider"). Plaintiff objected to the motion and Defendant filed a supporting brief. Counsel argued their positions at a final hearing on March 4, 2013. For the reasons set forth below, the Court finds that the Motion to Reconsider should be granted.

I.     BACKGROUND

On January 30, 2012 Plaintiff filed this adversary proceeding, asserting nondischargeability claims under §§ 523(a)(2), (a)(4) and (a)(6). The amount at issue is in the range of $670,000.

Plaintiff filed a Motion for Partial Summary Judgment on November 29, 2012 (the "MSJ"), on the § 523(a)(4) claim only. Defendant filed a timely but inadequate response, which did not comply with Rule 56 or NM LBR 7056-1. No record in support of Defendant's position

was submitted. Plaintiff replied on December 26, 2012, arguing that all facts in the MSJ were deemed established, and that she was entitled to judgment as requested.

On January 18, 2013, the Court entered a Memorandum Opinion on the MSJ and a Partial Judgment against Defendant as to liability under § 523(a)(4) (the "Partial Summary Judgment"). Three days later, Defendant filed a Motion to Extend Time to Respond to Summary Judgment Motion, with an attached affidavit, and on February 15, 2013 she filed the Motion to Reconsider.

In the Motion to Reconsider, Defendant argues, inter alia, that Plaintiff's MSJ is complex and contains an enormous quantity of citations and factual assertions, that her attorney forwarded the brief to her at the end of November, 2012 for assistance in preparing the response, but that Defendant had prior family commitments and was unable to assist in preparing the response. Defendant says that her attorney had not warned her of "hard deadlines," and that the attorney relied upon informal discussions and assurances at a December 7, 2012 status conference to expect more time in filing a response. Defendant and her counsel both believed the adversary proceeding was about to be jointly administered with a proceeding filed by the United Stated Trustee's office, and were expecting that order to be entered shortly (with the anticipated result, apparently, of more time to respond to the MSJ).

Defendant also claims that she has been under psychiatric care for depression for many years, and that the adversary proceeding (which involves her relationship with her deceased mother) is extremely painful emotionally, making it difficult to respond. She asserts that her responsibilities as administrator of an intestate estate are guided by New York law, that the probate case at issue is subject to various interpretations, and that her culpability should not be assumed. Defendant asserts that she was deprived of the opportunity to defend herself in the New York probate action, and that she had an counsel and followed his advice. She also denies

that she failed to account.

Defendant's claims are supported by affidavits attached to the Motion to Reconsideration, as well as a letter from her medical doctor, a transcript of a proceeding in the Surrogate's Court of the State of New York, Queens County, and an affidavit by her New York attorney.

Plaintiff objected to the Motion to Reconsider on two main grounds. First, she argues that NNLBR 7056-1 is clear and requires particularity in responding to summary judgment motions, and that Defendant did not properly respond. Second, she argues that Defendant's motion fails to comply with Fed.R.Civ.P. 56(e).[1]

## II. THE PARTIAL SUMMARY JUDGMENT IS INTERLOCUTORY

Defendant asks the Court to reconsider the Partial Summary Judgment. The judgment is not final because it did not resolve the amount of liability. *See Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (partial summary judgment did not completely dispose of plaintiff's claims and could not be considered a final judgment.); *Digital Alley, Inc. v. Z3 Technology, LLC,* 2012 WL 2366684, at *2 (D. Kan. 2012) (citing *Wheeler Machinery Co. v. Mountain States Mineral Enterprises, Inc.*, 696 F.2d 787, 788 (10th Cir. 1983), the court held that a partial summary judgment that reserves damages for a later date is not final). *See also American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (citing 11 Moore's Federal Practice § 56.40[3] (3rd ed.), the court held that a partial summary judgment is interlocutory). Since the Partial Summary Judgment is interlocutory, the Motion to Reconsider must be evaluated with that in mind.

---

[1] Formerly Rule 56(f).

-3-

### III. THE STANDARD FOR REVIEWING MOTIONS TO RECONSIDER INTERLOCUTORY ORDERS

A. Fed. Rules Civ. Pro. 59 and 60.[2]

> The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). *See Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703-04 (10th Cir.1988) ("post-judgment motions filed within ten days of the final judgment should, where possible, be construed as Rule 59(e) motions"). If the motion is served after that time it falls under Rule 60(b). *See Wilson v. Al McCord, Inc.*, 858 F.2d 1469, 1478 (10th Cir. 1988) ("Because more than ten days had elapsed before the filing of the motion to reconsider, we construe it as a motion pursuant to Fed.R.Civ.P. 60(b)(6)....") (citation omitted).

*Van Skiver v. United States*, 952 F.2d 1241, 1242 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). The 2009 amendments to Rule 59 expanded the former ten day period to 28 days. *See* Advisory Committee Notes for 2009 Amendments.

B. Rules 59 and 60 Do Not Apply to Interlocutory Orders.

Rules 59 and 60 must be read together with Rule 54. Rule 54(b) states the general rule that, until a trial court enters a final judgment, any order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In other words, "interlocutory orders are not subject to the law of the case doctrine[3] and may always be reconsidered prior to final adjudication." *Filebark v. United States Dept. of Transportation*, 555

---

[2] These rules and Fed. R. Civ. P. 54 (herein, "Rules") apply in this adversary proceeding. *See* Bankruptcy Rules 7054, 9023, and 9024.

[3] The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *U. S. v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine is designed to promote finality and prevent re-litigation of previously decided issues, but does not limit a court's power. *Wilson v. Meeks*, 98 F.3d 1247, 1250 (10th Cir. 1996).

-4-

F.3d 1009, 1013 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 487 (2009) (quoting *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997) (footnote added)).

"District courts generally remain free to reconsider their earlier interlocutory orders." *Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 7053794 (W.D. Okla. 2011) (citing *Rimbert v. Eli Lilly and Co.*, 647 F.3d 1247, 1[2]51 (10th Cir. 2011)). *See also Dombos v. Janecka*, 2012 WL 1372258, at *3 (D.N.M. 2012) ("Notably, neither rule 59 nor rule 60 apply to interlocutory orders a district court reconsiders before entry of final judgment."); Rule 60, Advisory Committee Notes for 1946 Amendment to Subdivision (b) ("[I]nterlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires").

In *Trujillo v. Board of Educ. Of Albuquerque Public Schools,* 212 Fed. Appx. 760 (10th Cir. 2007), the Tenth Circuit ruled that the trial court has discretion to revise its interlocutory orders, and is not bound by the strictures of Rule 59(e) or 60(b). 212 Fed. Appx. 760, at **3. The Tenth Circuit cited in support of this ruling *Raytheon Constructors, Inc. v. ASARCO Inc.*, 368 F.3d 1214 (10th Cir. 2003). In *Raytheon*, the district court bifurcated the issues of liability and damages and held Raytheon liable for environmental cleanup costs. *Id.* at 1216. Raytheon moved for reconsideration. *Id.* The district court acknowledged that its order was interlocutory, but treated the motion as one filed under Rule 60(b). *Id.* The Tenth Circuit reversed, ruling that:

> The district court was incorrect to treat Raytheon's motion for reconsideration under Rule 60(b), which only applies to final orders or judgments. ... Thus we will not review the district court's order for abuse of discretion, as we would a ruling on a Rule 60(b) motion. Rather, we review de novo the district court's conclusions of law in its reconsideration of its order on liability.

*Id.* at 1217. *See also Fye v. Oklahoma Corp. Com'n.*, 516 F.3d 1217 (10th Cir. 2008) (a partial summary judgment is not a final order, the trial court is not bound by Rules 59(e) or 60(b) when

ruling on a motion reconsider, and the motion invokes the trial court's general discretionary authority). 516 F.3d at 1223 n.2.

C. <u>Tenth Circuit Law on the Applicable Standard For Reviewing Motion to Reconsider Interlocutory Orders</u>. The Tenth Circuit Court of Appeals has not specifically addressed the standard for trial court review of a motion to reconsider an interlocutory order. It appears from the decision in *Trujillo, Raytheon,* and *Fye* that the trial court should exercise its "general discretionary authority," which is "not bound by the stricter standards for considering a Rule 59(e) or Rule 60(b) motion." *Trujillo,* 212 Fed. Appx at 765. Such exercises of discretion are reviewed under an abuse of discretion standard. *Fye*, 516 F.3d at 1224. *See also Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005), quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (to the same effect).

Lower courts in the Tenth Circuit are not in agreement about the standard of review. For example, in *Trujillo v. Board of Education of the Albuquerque Public Schools*, 470 F. Supp. 2d 1270, 1275 (D.N.M. 2005), *aff'd and remanded on other grounds*, 212 Fed. Appx. 760 (10th Cir. 2007) the district court held that, because it had not entered a final in the case, it was within "the Court's discretion whether to reconsider its earlier decision."[4] The court reviewed the motion to reconsider, found that it contained references to material facts not previously before the court, and determined that it was in the interests of justice to grant the motion. *Id.* at 1276, 1281.

Similarly, in *Nat'l Business Brokers, LTD. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255-56 (D. Colo. 2000), *aff'd*, 16 Fed. Appx. 959 (10th Cir. 2001) the court stated:

---

[4] In a footnote, the court noted: "The standards pertaining to rule 59(e) and rule 60(b) do not apply to the Court's analysis because the Court has not yet entered final judgment and, therefore, the decision is not yet appealable. Moreover, because this case is not yet final and appealable, this Court is not bound by the caselaw holding that '[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).' *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)." *Id.* n.1.

-6-

Case 12-01021-t    Doc 49    Filed 03/15/13    Entered 03/15/13 08:18:40    Page 6 of 10

> Prior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders, such as the Court's August 2, 2000 oral Order dismissing without prejudice all of NBB's claims against Williamson and JWP. *See Atchley v. Heritage Cable Vision Assoc.*, 926 F. Supp. 1381, 1383 (N.D. Ind. 1996). "This inherent power is not governed by rule or statute and is rooted in the court's equitable power to 'process litigation to a just and equitable conclusion.'" *Shabazz v. Cole*, 69 F. Supp. 2d 210, 226 (D. Mass. 1999). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *See Laird v. Stilwill*, 982 F. Supp. 1345, 1353-54 (N.D. Iowa 1997).

Other trial courts in the Tenth Circuit have used a stricter standard of review. *See, e.g., Lancer Ins. Co. v. Malco Enter. of Nevada, Inc.*, 2012 WL 2886708, at *1 (D. Utah 2012) (court applied a Rule 59(e) analysis to decide a motion to reconsider); *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) (while Rule 59(e) does not apply to interlocutory orders, the standards established under that rule would be used); *Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 7053794, at *1 (W.D. Okla. 2011) (applied Rule 59(e) to a motion to reconsider an interlocutory order); *Grimes v. Cirrus Indus., Inc.*, 2010 WL 2541664 (W.D. Okla. 2010) (same); *Brown v. K-MAC Enter.*, 2012 WL 4321711, at *3 (N.D. Okla. 2012) (court may analyze Rule 54(b) motions under either Rules 59(e) or 60(b)).

D.  Law in Other Circuits.  Courts in other circuits have adopted different standards of review. In *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001), the Ninth Circuit held that the "general rule" regarding the power of a district court to rescind an interlocutory order is that "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient." (citations omitted).

The Fourth Circuit uses a standard of review "guided by" the principles of Rules 59 and 60:

> The precise standard which should govern a motion for reconsideration of an interlocutory order is far less clear. In *Fayetteville [Investors v. Commercial Builders, Inc.,* 936 F.2d 1462 (4th Cir. 1991)], the Fourth Circuit declined to "thoroughly express [its] views on the interplay of Rules 60, 59 and 54." *Id.* at 1472. It is clear that a motion for reconsideration of a interlocutory order is not governed by the precise standard which applies to Rule 60(b) motions. *Id.* at 1470 (expressing vigorous disagreement "with the district court's adoption of a Rule 60(b) standard."). The Fourth Circuit has, however, suggested that at least parts of the Rule 60(b) standard may be referenced by a district court in determining whether it should reconsider an interlocutory order. *Id.* (citing with approval *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102 (M.D. Pa. 1989)). Consistent with this statement, the Court will be guided by the general principles of Rules 59(e) and 60(b), but does not consider itself bound by those Rules' strictures.

*Superior Bank, F.S.B. v. Tandem Nat. Mortg., Inc.*, 197 F. Supp. 2d 298, 331-32 (D. Md. 2000).

In *United States v. Roberts*, 978 F.2d 17, 21 (1st Cir. 1992), the First Circuit set forth an "interests-of-justice" test with the following factors:

> (1) the nature of the case, (2) the degree of tardiness, (3) the reasons underlying the tardiness, (4) the character of the omission, (5) the existence vel non of cognizable prejudice to the nonmovant in consequence of the omission, (6) the effect of granting (or denying) the motion on the administration of justice, and (7) whether the belated filing would, in any event, be more than an empty exercise. We emphasize these particular factors because they assist in demonstrating that there was no reasonable basis for the district court to deny the government's request. The list is merely illustrative. We do not say that courts must necessarily look at each and all of these factors in every case, or that courts cannot, in a proper case, examine other factors. At any rate, the list of factors will require tailoring to reflect the nature of the ruling that underlies the motion to reconsider. Because an interests-of-justice test covers considerable ground, the trial court should strive to acquaint itself with the totality of the relevant circumstances.

*Id.* at 21-22.

Notwithstanding the trial court's broad discretion to alter its interlocutory orders, the motion to reconsider "is not at the disposal of parties who want to 'rehash' old arguments." *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995) (quoting *In re Oil Spill by "Amoco Cadiz"*, 794 F. Supp. 261, 267 (N.D. Ill. 1992)). Rather, as a practical matter, "[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the

-8-

court to reverse its prior decision." *See California v. Summer Del Caribe, Inc.*, 821 F. Supp. 574, 578 (N.D. Cal. 1993) (internal quotation omitted).

E. <u>The Standard of Review Adopted by the Court</u>. Based on the case law set out above, the Court will follow the *Trujillo/Raytheon/Fye* line of authority and review the Motion to Reconsider under the Court's "general discretionary authority." The Court will not consider itself bound by the Rule 59(e) or Rule 60(b) standards. No particular test or set of factors will be employed. In general, however, the Court:

-- Will be fairly strict on motions to reconsider that simply "rehash" prior arguments made and ruled against; and

-- Will be less strict on motions to reconsider based on either (i) law applicable to the ruling that was not cited by the Court or the parties, and that could change the outcome; or (ii) evidence not previously submitted to the Court, *if* the movant has reasonably excused its failure to submit the evidence in the first instance, and *if* the evidence could change the result.

## IV. <u>DISCUSSION</u>

The Court has considered the Motion to Reconsider and related court filings, the arguments of counsel, and relevant case law. Defendant admits, as she must, that she failed to respond properly to the MSJ. That failure resulted in the Court entering the Partial Summary Judgment. The situation before the Court is not unlike a defendant seeking relief from a default judgment, which essentially is what the Partial Summary Judgment was.

The Court prefers to rule on the merits of an adversary proceeding, rather than have the outcome dictated by procedural deficiencies. The Motion to Reconsider and supporting documents suggest that, had Defendant's facts been properly and timely presented, the Court may have ruled that summary judgment was not appropriate. The Court also finds that

-9-

Case 12-01021-t    Doc 49    Filed 03/15/13    Entered 03/15/13 08:18:40    Page 9 of 10

Defendant's failure to follow the summary judgment rules was excusable in this particular case, given all the circumstances. Finally, the Court finds that the delay caused by Defendant's actions/inactions has not harmed Plaintiff.

V. CONCLUSION

This is a serious case, both because of the allegations against Defendant and the amount at issue. Defendant has not caused substantial delay, and has explained why the problems addressed in the Motion to Reconsider arose. On balance, the Court finds that justice would be better served by granting the Motion to Reconsider. Thus, exercising its general discretionary authority to reconsider interlocutory orders, the Court will grant the Motion to Reconsider. A separate Order will be entered.

Honorable David T. Thuma
United States Bankruptcy Judge

Date entered on docket: March 15, 2013.

Copies to:

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
3800 Osuna Rd NE, STE #2
Albuquerque, NM 87109

William P Gordon/ Steve Mazer
2501 Yale Blvd SE Ste 204
Albuquerque, NM 87106-4357

George M Moore
Moore, Berkson & Gandarilla, P.C.
3800 Osuna Rd NE, STE #2
Albuquerque, NM 87109

Alice Nystel Page
Office of U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103-0608

-10-

Case 12-01021-t    Doc 49    Filed 03/15/13    Entered 03/15/13 08:18:40 Page 10 of 10