UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

NANCY AKBARI-SHAHMIRZADI,

        Case No. 7-11-15351 TL

    Debtor.

ESTATE OF ELEANOR JACOBY,
CHARLOTTE NEFF, Executor,

    Plaintiff,

v.                                     Adversary No. 12-1021 T

NANCY AKBARI-SHAHMIRZADI,

    Defendant.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Plaintiff's Motion to Strike Inadmissible Hearsay Contained in John E. Jacoby's Affidavit and Dr. Desmond's Letter to the Extent That the Hearsay Statements are Relied on in Defendant's Response to Plaintiff's Motion for Partial Summary Judgment, filed April 18, 2013 (the "Motion to Strike"). Defendant filed a response to the Motion to Strike on May 7, 2013 (the "Response"). This is a core proceeding to determine dischargeability of a debt. 28 U.S.C. § 157(b)(2)(I). For the reasons set forth below the Motion to Strike will be granted in part and denied in part.

### I.    PROCEDURAL CONTEXT

The Motion to Strike concerns an affidavit and a letter, both attached to Defendant's Motion to Reconsider Partial Summary Judgment and Consider Defendant's Factual Offer, filed February 15, 2013 (the "Motion to Reconsider"). On March 15, 2013, the Court granted the Motion to reconsider and set aside its January 18, 2013

Partial Judgment Against Defendant. The reasons for the Court's action are set forth in a Memorandum Opinion entered March 15, 2013.

Because the partial judgment was set aside, Plaintiff's Motion for Partial Summary Judgment, filed November 29, 2012 (the "Partial Summary Judgment Motion"), is still pending. Defendant filed a Supplemental Response to the Motion for Partial Summary Judgment on April 4, 2013. Previously, Defendant also filed a Memorandum of Law in Support of Defendant's Motion to Reconsider. In ruling on the Partial Summary Judgment Motion, the Court may consider materials in the record such as the affidavit and letter addressed in the Motion to Strike. Fed.R.Civ.P. 56(c)(3). Thus, as part of evaluating the (now) fully briefed Partial Summary Judgment Motion, the Court will rule on the Motion to Strike.[1]

### I. THE JACOBY AFFIDAVIT

Attached to the Motion to Reconsider is an "Affidavit in Support of Extension of Time," signed by John E. Jacoby (the "Jacoby Affidavit"). The Jacoby Affidavit contains the following six statements Plaintiff objects to as inadmissible hearsay:

| Affidavit paragraph number | Statement |
|---|---|
|  |  |
| 6 | A few days later, I understand from my sister that she searched the condo also and did not find an original will nor a copy. |
| 9 | My sister told me at length how much my mother did not like her lawyer who represented her in a previous lawsuit, Gerard J. Sweeney, Esq., and that she did not understand much of what he said, |

---

[1] It is not strictly necessary to do so, because Fed.R.Civ.P. 56 makes clear that the Court must base any ruling on summary judgment on admissible evidence. Thus, the Court has a duty, whether or not a party objects, to limit its consideration of the submitted materials to admissible evidence. A better practice would have been to raise evidence admissibility issues in a reply in support of the Partial Summary Judgment Motion.

| | |
|---|---|
| | that he forced her to sign documents she did not understand or want to, that he intimidated her and that he had multiple lawyers as well as a court report (sic) at each meeting. |
| 10 | My sister also told me that my mother told her that she had removed all her documents from Sweeney's firm. |
| 13 | The attorney told us that we did not have to call him. |
| 14 | The attorney also told us that wills are often registered at the Surrogate's Courthouse. |
| 17 | She advised us that it was customary to hold the monies seven months before distribution <u>but</u> that it was not required. |

Plaintiff asserts that each of these statements contains "inadmissible hearsay and [is] asserted for the truth of the matter." Motion to Strike, p. 2. Plaintiff further argues that some of the statements contain "hearsay within hearsay." Motion to Strike, p. 2 (paragraphs 9 and 10). Plaintiff cites Federal Rule of Evidence ("FRE") 804, and argues that that rule contains no exceptions that would allow these statements to be admitted. Motion to Strike, p. 2.

Defendant responds that Rule 804 is inapplicable because Mr. Jacoby will be available for trial. Furthermore, Defendant argues that none of the statements is hearsay.

There is no question that affidavits may be submitted in support of or opposition to a motion for summary judgment. Fed.R.Civ.P. 56(c)(1)(A). This rule is considered an exception to the general prohibition against using hearsay testimony as evidence. *See* FRE 802. However, while Mr. Jacoby's affidavit can be considered, his statements in the affidavit have to be admissible if Mr. Jacoby were testifying at trial. *See Garner v. Shier (In re Garner)*, 246 B.R. 617, 626 (9th Cir. BAP 2000) (even if use of an affidavit is permitted, the affidavit must not contain "hearsay within hearsay"); Fed.R.Civ.P. 56(c)(4)

-3-

(affidavit must be based on personal knowledge and set out facts that would be admissible in evidence).  Defendant acknowledges that this is the rule.  Response, p. 2.

     A.     <u>Paragraphs 6, 9 and 10 of the Jacoby Affidavit</u>.

Paragraphs 6, 9, and 10 of the Jacoby affidavit contain statements by Mr. Jacoby, setting forth alleged facts related to him by Defendant.  Defendant argues that the paragraphs do not contain inadmissible hearsay because of FRE 801(d)(1)(B), which provides:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
>     (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement: ...
> (B) is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying[.]

Defendant cites *Tome v. United States*, 513 U.S. 150 (1995) in support of this assertion.

In general, the Court agrees with Defendant that, if Plaintiff had "express[ly] or implied[ly] charge[d]" that Plaintiff's affidavit testimony was "recently fabricated," then John Jacoby's testimony regarding Defendant's prior consistent statements would be admissible under FRE 801(d)(1)(B).  *See e.g., United States v. Rohrer,* 708 F.2d 429, 433 (9th Cir. 1983).  However, the Court is not aware of any allegation made by Plaintiff that Defendant's affidavit testimony submitted in this adversary proceeding (i.e. Defendant's Affidavit filed February 15, 2013, doc. 41-1) contains recently fabricated testimony.  Because of that, the prior consistent statements in the Jacoby Affidavit are not admissible under FRE 801.  *See United States v. Stuart,* 718 F.2d 931, 934 (9th Cir. 1983) (the fabrication of which the rule speaks concerns the witness's trial testimony, not a prior

-4-

Case 12-01021-t    Doc 60    Filed 06/26/13    Entered 06/26/13 11:48:02 Page 4 of 8

inconsistent out-of-court statement). Furthermore, paragraphs 9 and 10 contain hearsay within hearsay, because Mr. Jacoby testifies about what Defendant told him about what their mother told her. This second level of hearsay renders the paragraphs inadmissible under 802(d).

As an alternative, Defendant also argues that paragraphs 6, 9 and 10 are admissible to show Defendant's state of mind when she undertook to apply for letters of administration and distributed the estate. Defendant cites FRE 803(3), which provides:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> ...
>
> (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Defendant may be right about paragraph 6—the fact that Defendant told Mr. Jacoby that she searched their mother's condominium and did not find a will could be relevant to Defendant's state of mind, whether or not the statement is true or offered to prove whether such a search in fact ever took place. However, Defendant testified in her own affidavit that she searched her mother's condominium for a will, and did not find one. Defendant's Affidavit, ¶ 4. Plaintiff has not submitted any admissible evidence disputing Defendant's assertion about this fact. The Court will rely on Defendant's direct testimony in her affidavit and will disregard Mr. Jacoby's second-hand testimony as duplicative. *See* FRE 403 (court may exclude evidence that is, inter alia, needlessly cumulative).

With respect to paragraphs 9 and 10, the hearsay within hearsay problem persists, so the paragraphs will not be considered by the Court.

In sum, the Court finds that paragraphs 6, 9 and 10 of the Jacoby Affidavit should not be considered by the Court when ruling on the Partial Summary Judgment Motion.

      B.      <u>Paragraphs 13, 14 and 17 of the Jacoby Affidavit</u>.

Defendant argues that paragraphs 13, 14, and 17 of the Jacoby Affidavit are not hearsay because they were not offered for the truth of the matters asserted. Defendant cites *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1556 (10th Cir. 1995), and the definition of hearsay found in FRE 801(c). *Starr* holds that a statement offered not for its truth, but only for the mere fact that it was uttered, is not hearsay. 54 F.3d at 1556. The Court finds Defendant's argument is well taken and will be sustained. The three paragraphs are not offered for their truth, but only to show, from declarant's personal knowledge, that his and Defendant's New York attorney made the statements. And, these statements would be relevant to Defendant's state of mind and intent. The Court therefore will consider paragraphs 13, 14, and 17 of the Jacoby Affidavit when ruling on the Partial Summary Judgment Motion.

II.      <u>THE DESMOND LETTER</u>

Also attached to the Motion to Reconsider is a letter dated July 2, 2012 signed by Dr. Robert E. Desmond (the "Desmond Letter"). In the letter Dr. Desmond states "It became obvious to her [Nancy Akbari] that her mother was suffering from dementia." Plaintiff objects to this statement as inadmissible hearsay. Motion to Strike, p. 3.

Defendant admits that "the letter has never been introduced as evidence in connection with any pleading in this matter." Response, p. 5. Nevertheless, Defendant

-6-

argues that the statement in question goes to Defendant's state of mind and is not hearsay because it is not offered to prove the truth of the matter asserted. Response, p. 5. Alternatively she argues that Dr. Desmond is an expert in psychiatry and he based his opinion on what he was aware of or personally observed.

The Court will not consider any statements made in the Desmond Letter. The letter is not in the form of an affidavit or declaration, and is not otherwise admissible in evidence. *See, e.g., Outlaw v. Regis Corp.,* 2013 WL 499519 (S.D. Ind. 2013), *affirmed*, 2013 WL 2349788 (7th Cir. 2013) (court declined to consider letters submitted by party in opposition to a summary judgment motion because they were not in the form of affidavits or declarations); *Montgomery v. Ion Media Management Co.,* 2011 WL 1791294, at *6 (M.D. Fla. 2011) (while affidavits are no longer required, unsworn declarations must comply with the requirements of 28 U.S.C. § 1746). The Desmond Letter is not an affidavit or unsworn declaration, has not been authenticated, and would not be admissible at trial. To the extent the letter contains alleged expert opinions, no proper foundation for such opinions has been laid.

Finally, Dr. Desmond's statement that "It became obvious to her [Defendant] that her mother was suffering from dementia" may or may not be hearsay (what is the basis for Dr. Desmond's statement? It is what he was told by Defendant, or something else?), but the source of his information is sufficiently unclear that the Court could not entertain consideration of the statement under the "state of mind" exception to the hearsay rule. FRE 803(3).

### III. CONCLUSION

The Court will enter an Order sustaining Plaintiff's objection to paragraphs 6, 9 and 10 of the Jacoby Affidavit, sustaining Plaintiff's objection to the Desmond Letter, and overruling Plaintiff's objection to paragraphs 13, 14 and 17 of the Jacoby Affidavit. The Court will not base its ruling on the Partial Summary Judgment Motion on any portion of the Desmond Letter. The Court's consideration of paragraphs 13, 14, and 17 of the Jacoby Affidavit will be limited to the extent, if any, the statements are relevant to Defendant's state of mind.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Date entered on docket: June 26, 2013.

Copies to:

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
3800 Osuna Rd NE, STE #2
Albuquerque, NM 87109

William P Gordon/Steve Mazer
2501 Yale Blvd SE Ste 204
Albuquerque, NM 87106-4357

Alice Nystel Page
Office of U.S. Trustee
PO Box 608
Albuquerque, NM 87103-0608

Ronald E Holmes
112 Edith Blvd NE
Albuquerque, NM 87102-3524

Steven Tal Young
20 First Plaza Center NW
Suite 500
Albuquerque, NM 87102